FILED
2015 Oct-21  AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| TYLER GALVEZ,<br>an individual,    ) | |
|       ) | |
|       ) | |
|     Plaintiff,     ) | |
|       ) | |
| v.      ) | **CASE NO.** _____ |
|       ) | |
|       ) | |
| KUYKENDALL & POWELL    ) | |
| OIL COMPANY, INC.,    ) | |
| an Alabama domestic corporation,   ) | |
|       ) | |
|     Defendant.    ) | |

## COMPLAINT

Plaintiff, TYLER GALVEZ, through undersigned counsel, hereby files this Complaint and sues KUYKENDALL & POWELL OIL COMPANY, INC., for injunctive relief, attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. §12181 *et seq.,* ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.

2.      Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C §1391(b) in that all events giving rise to this lawsuit occurred in this District, specifically Tuscaloosa County.

3.      At the time of Plaintiff's visits to Buddy's Food Mart #1, prior to instituting the instant action, TYLER GALVEZ (hereinafter referred to as "GALVEZ" or "PLAINTIFF") was a resident of the State of Alabama, suffered from what constitutes a "qualified disability" under the ADA, and used a wheelchair for mobility.  As a direct result of traumatic injuries sustained in the tornado outbreak of April 27, 2011, GALVEZ suffers paraplegia and the occurrence of seizures. GALVEZ is bound to a wheelchair as his condition absolutely inhibits the major life activity of walking and substantially limits him in the exercise of normal bodily functions. Prior to filing this lawsuit, GALVEZ personally visited Buddy's Food Mart #1, at 3043 Skyland Boulevard, Tuscaloosa, Alabama, but was denied full and equal access to, and full and equal enjoyment of, the facilities within and about the Buddy's Food Mart #1, which is the subject of this lawsuit.

4.      Defendant, KUYKENDALL & POWELL OIL COMPANY, INC., an Alabama domestic corporation, is authorized to conduct, and is conducting, business within the State of Alabama. Upon information and belief, Defendant, KUYKENDALL & POWELL OIL COMPANY, INC., (hereinafter referred to as "DEFENDANT") is the owner and/or operator of the facility which is the subject of

this action, the filing station and convenience store known as Buddy's Food Mart #1, located at 3043 Skyland Boulevard, Tuscaloosa, Alabama. As such, DEFENDANT maintains control over the subject location and at all times relevant hereto participated in the design, construction and/or decisions regarding any subsequent necessary and/or required modifications of same.

5.    All events giving rise to this lawsuit occurred in the State of Alabama. Venue is proper in this Court as the premises are located in Tuscaloosa, Tuscaloosa County in the Northern District, Western Division.

## COUNT I – VIOLATION OF THE ADA

6.    On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA") 42 U.S.C. §12101 *et seq.,* wherein commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7.    As a result of the enactment of the ADA on or about July 26, 1990, and the subsequent effective date of this same Act on or about January 26, 1992, DEFENDANT'S violations of this Act as alleged herein by GALVEZ are intentional violations of Title III of the ADA and intentional acts of discrimination against GALVEZ.

8.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the facility

where Buddy's Food Mart #1 is located at 3043 Skyland Boulevard, Tuscaloosa, Alabama is a place of public accommodation; to wit: a filling station and convenience store, which provides gasoline, food, beverages, and other merchandise and services to the public.

9.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building, parking facilities, and/or facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10.     DEFENDANT has discriminated, and continues to discriminate, against GALVEZ, and others who are similarly situated, by denying equal access to, and full sand equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Buddy's Food Mart #1 located at the subject facility owned, controlled, operated and/or maintained by DEFENDANT in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.,* and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

11.     GALVEZ has been unable to and continues to be unable to enjoy equal access to, and the benefits of equal services at the subject location owned, controlled, and maintained by DEFENDANT. Prior to the filing of this lawsuit, GALVEZ visited the subject property and was denied full, safe, and equal access to all of the benefits, accommodations and services offered within and about the subject facility

owned, controlled, operated and/or maintained by DEFENDANT. GALVEZ'S access was inhibited by and he personally encountered each of the described barriers to equal access detailed in this Complaint which remain at the subject location in violation of the ADA. Because of the foregoing, GALVEZ has suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

12.    GALVEZ resides near the area where the subject facility is located and frequently travels to the area of the subject facility.

13.    GALVEZ continues to desire and intends to visit the subject Buddy's Food Mart #1 in Tuscaloosa, Alabama in the future with the same frequency as he has previously but continues to be injured in that he is unable to enjoy equal access and continues to be discriminated against due to the barriers to equal access that remain at and about the subject location in violation of the ADA. Absent remedial action by DEFENDANT, GALVEZ will continue to encounter the architectural barriers to equal access described herein and as a result, be discriminated against by DEFENDANT on the basis of his disability. GALVEZ has been discriminated against and continues to have reasonable grounds for believing that he will be discriminated against in the future because of DEFENDANT'S continuing deliberate and knowing violations of the ADA. Due to the definiteness of his future plans to visit the subject facility, there exists a genuine threat of imminent future injury.

14.    Prior to filing this complaint, GALVEZ provided written notice, through counsel, to DEFENDANT which identified specific architectural barriers at the subject facility which constitute discriminatory barriers to equal access to GALVEZ and others similarly situated. Despite said notice, DEFENDANT has failed to remove the discriminatory barriers to equal access and violations of the ADA at the subject facility which affect persons bound to wheelchairs. DEFENDANT'S failure to remove said barriers to equal access are therefore knowing and intentional violations of Title III of the ADA and knowing and intentional acts of discrimination against GALVEZ.

15.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

16.    Defendant's subject facility is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and is discriminating against GALVEZ as a result of *inter alia,* the following specific violations:

**Parking**

a.    Failure to provide adequately compliant accessible parking within the parking lot which meet the requirements of accessible parking under the ADA including, but not limited to, failing to:

i.    provide standard accessible parking with standard

accessible access aisle(s);

   ii.  provide accessible access aisle(s) servicing existing designated accessible parking;

   iii.  provide van accessible parking with van accessible access aisle(s);

   iv.  locate accessible parking on the shortest accessible route of travel to the accessible entrance;

   v.  provide ADA compliant signage at the existing designated accessible space(s) which displays the International Symbol of Accessibility in an upright position in front of the space such that it cannot be obscured by a vehicle parked in the space;

   vi.  provide ADA compliant van accessible space(s), which properly display compliant upright signage, including a "van accessible" sign below the above referenced compliant signage displaying the International Symbol of Accessibility in an upright position in front of the space such that it cannot be obscured by a vehicle parked in the space;

### Ramps

   b.  Failure to provide an accessible ramp along an accessible path of travel from the existing parking spaces to the nearest accessible entrance;

**Restrooms**

      c.    Failure to construct and/or modify restrooms for accessibility including, but not limited to, failing to:

      i.    provide an unobstructed accessible route to the restroom;

      ii.    provide hardware on the restroom doors that is operable with one hand and does not require tight grasping, pinching, or twisting of the wrist;

      iii.    construct and/or rearrange walls, doors, toilet and lavatory to increase maneuvering space and proper accessibility for the disabled;

      iv.    provide accessible lavatory due to the lavatory faucets' operable parts requiring tight grasping, pinching and/or twisting of the wrist;

      v.    provide a rear grab bar at least 36 inches long along the rear wall which extends at least 24 inches on the open side of the water closet;

      vi.    provide a sidewall grab bar at least 42 inches long along the side wall nearest the water closet;

      vii.    provide an accessible lavatory with the requisite clear floor space extending underneath so that a person in a wheelchair may reach the faucet;

      17.    There are other current barriers to equal access and violations of the ADA which affect persons which require wheelchairs for mobility, such as GALVEZ, that exist at the subject facility which have not been specifically

identified herein as GALVEZ is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only after a full inspection is performed by GALVEZ or GALVEZ'S representatives can all said violations be identified.

18.    To date, the barriers identified herein and other violations of the ADA still exist at the subject facility and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.,* and 28 C.F.R. §36.304, DEFENDANT was required to remediate the subject facility, a place of public accommodation, to be accessible to persons with disabilities. To date, DEFENDANT has failed to comply with this mandate.

20.    The remediation of barriers and accommodations sought by GALVEZ in this Complaint are readily achievable, technically feasible, structurally practicable, will not result in a significant loss of marketing and/or sales space, will not cause an undue burden on DEFENDANT, will not alter the fundamental nature of DEFENDANT'S business, and will not pose a direct threat to the health or safety of others.

21.    GALVEZ has been obligated to retain undersigned counsel for the filing and prosecution of this action. GALVEZ is entitled to have his reasonable attorneys' fees, costs and expenses paid by DEFENDANT, pursuant to 42 U.S.C. §12205.

22.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant GALVEZ injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, GALVEZ hereby requests judgment against DEFENDANT and requests the following relief:

A.   That the Court declare that the subject property and subject facility owned, operated, leased, controlled and/or administered by DEFENDANT is violative of the ADA;

B.   That the Court enter an Order requiring DEFENDANT to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order requiring DEFENDANT to cease business operations at the subject facility for such reasonable time so as to allow DEFENDANT to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, and undertake and complete corrective procedures;

D.   That the Court award reasonable attorneys' fees, costs, (including expert fees) and litigation expenses, and such other and further relief of suit, to GALVEZ; and

E.     That the Court award such other and further preventive relief as it deems necessary, just and proper.

Dated this the *15th* day of *October*, 2015.

**SUTTON FULMER**

John T. Sutton (ASB-1937-U79J)
*Attorney for Plaintiff*
One Chase Corporate Drive
Suite 220
Birmingham, AL 35244
Telephone: (205) 402-2100
Email: jts@suttonfulmer.com